UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-294-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA | MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW |
| v. | |
| BOSEDE AYINKE ADEFEMI | |

NOW COMES the Defendant, Bosede Ayinke Adefemi, by and through undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 12(b)(3) and Article I, clauses 1 & 8 of the United States Constitution, who hereby respectfully moves this Honorable Court to dismiss the indictment against her. In support of this Motion, Ms. Adefemi states as follows:

## STATEMENT OF THE CASE

On August 1, 2018, a federal grand jury returned a two-count indictment alleging that on November 8, 2016, Ms. Adefemi falsely claimed United States citizenship in order to vote in an election, in violation of 18 U.S.C. §1015(f). Count two alleges that on November 8, 2016, Ms. Adefemi, an alien, knowing she was not a United States Citizen, did knowingly vote in an election held in part for the purpose of electing a candidate for the office of President, Vice President, and Member of the House of Representatives, in violation of 18 U.S.C. §611(a). [DE-1]. The arraignment is presently scheduled for the Court's April 5, 2022 term. [DE-14].

## STATEMENT OF FACTS

Ms. Adefemi, a 76 year old Wake County, North Carolina resident, has been charged with

1

unlawfully claiming United States citizenship on November 8, 2016, in order to vote, and secondly, with voting on November 8, 2016 while being an alien. The Indictment filed August 1, 2018, alleges a violation of federal law on only November 8, 2016. [DE-1]. The 2018 Indictment was sealed, according to the government, due to concerns "if the name of the defendant were to be made public prior to arrest, the chances of apprehending the defendant or apprehending the defendant without threat of violence or public commotion would be significantly reduced." [DE-2]. A warrant for Ms. Adefemi's arrest was requested on August 1, 2018, and issued on August 2, 2018. Nearly three and one half years elapsed until Ms. Adefemi was arrested on January 17, 2022 in the Northern District of Georgia at Hartsfield Jackson Atlanta International Airport as she was boarding a flight to Nigeria to visit family. She was detained overnight in jail and made her initial appearance in federal court the following day. The indictment was unsealed pursuant to her arrest. Presently, Ms. Adefemi is on pretrial release. [DE-12].

## ANALYSIS

Ms. Adefemi's Sixth Amendment speedy trial and Federal Rule of Criminal Procedure (Fed. R. Crim. P.) 48(b) claims stem from the lengthy and unreasonable delay between the Government's indictment and arrest of Ms. Adefemi. The delay between the alleged offense in 2016 and when the Government obtained the indictment in 2018 is not addressed here, as it warrants a separate Fifth Amendment Due Process analysis. *Jones v. Angelone*, 94 F.3d 900, 904 (4th Cir. 1996) (stating that to assert a Due Process violation, the burden is on the defendant to prove actual prejudice in a pre-indictment delay for it to violate the Due Process clause). Ms. Adefemi alleges that she has been deprived of her Sixth Amendment rights and the ability to defend herself due to the failure of the government to prosecute the case during the nearly four year period between October 2018 when the indictment was issued by the grand jury, and January 2022, when Ms. Adefemi was arrested. The

Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...and the Supreme Court has identified four factors that should be balanced in determining whether a defendant has been denied his Sixth Amendment Right to a speedy trial." *United States v. Grimmond,* 137 F.3d 823 at 827 (4th Cir. 1998), citing *Barker v. Wingo*, 407 U.S. 514 (1972).

According to Fed. R. Crim. P. 48(b), the court has the discretion to dismiss an indictment if an "unnecessary delay occurs in (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." A court may use the Sixth Amendment speedy trial factors when considering if dismissal under Fed. R. Crim. P. 48(b) is appropriate. *United States v. Carbarcas-A,* 968 F.2d 1212 (4th Cir. 1992).

In analyzing any Sixth Amendment speedy trial issue, the Supreme Court created a four-factor balancing test to determine whether the right to a speedy trial has been violated. *Barker v. Wingo*, 407 U.S. 514 (1972). These factors include: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of her right, and (4) the prejudice to the defendant. *Id.* When determining what constitutes prejudice to a defendant, *Barker* instructs that delays are to be considered with the following three goals in mind; "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* at 532. Each *Barker* speedy trial factor is analyzed in turn.

I.      *The Length of the Delay*

When examining the length of the delay, the court must engage in a two-step inquiry "the accused must allege that the interval between accusation and trial has crossed the threshold diving ordinary from presumptively prejudicial delay to trigger the speedy trial analysis. Once the accused has made this showing, the court must consider the extent of the delay, with the understanding that

the presumed prejudice to the defendant intensifies over time." *United States v. Boone*, 706 F.Supp. 2d 71, 74 (D. D.C. 2010)(internal quotations omitted) *citing Doggett v. United States*, 505 U.S. 647, 651 (noting that post-accusation delay approaching one year is generally presumptively prejudicial); *Boone,* 706 F.Supp.2d at 74 (court agreeing with government concession that four-year delay between defendant's indictment and arrest was presumptively prejudicial); *United States v. Erenas-Luna,* 560 F.3d 772, 779 (8th Cir. 2009) (district court could presume prejudice resulted from three-year delay between indictment and arraignment when determining whether drug defendant's Sixth Amendment speedy trial rights were violated, since the delay resulted from serious negligence by government).

In the present case, there was a 3 year, 5 month, and 19 day delay between the issuance of the indictment against Ms. Adefemi and her arrest.  Counted another way, there were 1268 days of government non-action in the case against Ms. Adefemi from time of arraignment to time of arrest. Counsel submits this time period falls squarely within established precedent of time-frames that are deemed presumptively prejudicial against the defendant.

II      *The Reason for the Delay*

"[W]hen a defendant is ignorant of [her] indictment, [s]he 'is not to be taxed for invoking [her] speedy trial claim only after [her] arrest'." *Boone,* 706 F.Supp2d at 74 (citing *Doggett*, 505 U.S. at 653-54). Moreover, the Court in *Doggett* found when the government has negligently failed to pursue the defendant with reasonable diligence, prejudice may be presumed. *Doggett,* 505 U.S. at 657-58.

The government was grossly negligent in its pursuit of Ms. Adefemi.  There was an utter lack of any pursuit, much less diligent pursuit, and prejudice must be presumed.  Ms. Adefemi has lived 6 miles away from the federal courthouse in Raleigh for the past 9 years.  Indeed, in discovery

provided by the government, Ms. Adefemi's 2017 Raleigh, North Carolina address is the same as today. Since the indictment was filed in October 2018, Ms. Adefemi has maintained a North Carolina ID card with this same address on it. Since the indictment was filed in October 2018, Ms. Adefemi has lived openly and honestly in Wake County, North Carolina. The government simply did not pursue her apprehension. The sole notation in discovery about any government efforts at apprehending Ms. Adefemi since 2018 is a singular notation on August 17, 2018 "attempts to establish contact with ADEFEMI were unproductive." No attempts to apprehend her were made for the entirety of 2019. No attempts to apprehend her were made for the entirety of 2020. No attempts to apprehend her were made for the entirety of 2021.

Simply put, the government indicted Ms. Adefemi in 2018 and then neglected to pursue the case. This factor must be weighed against the government.

III      *The Defendant's Assertion of her Right*

The indictment that was filed on October 1, 2018 was only unsealed at Ms. Adefemi's initial appearance in federal court in Georgia on January 20, 2022. Through sealing of the indictment, the government ensured that Ms. Adefemi would remain unaware of the indictment against her until her arrest. This factor cannot be weighed against Ms. Adefemi, as she has taken diligent steps to assert her right in due course since her arrest, indeed filing the instant motion within the first period established for pretrial motions.

IV      *The Prejudice to the Defendant*

When the Government has negligently failed to pursue the defendant with reasonable diligence, prejudice may be presumed. *Doggett,* 505 U.S. at 657-58. Six years has passed since the 2016 crime alleged in the 2018 indictment. Ms. Adefemi was 71 years old on November 8, 2016; she was 76 years old at her arrest. Multiple election cycles have since come and gone since

5

November 8, 2016. Ms. Adefemi's ability to recall the exact events of November 8, 2016, and counsel's ability to locate witnesses from November 8, 2016 is significantly prejudiced by the government's negligent pursuit of this case; accordingly, Ms. Adefemi's defense is substantially prejudiced by the excessive delay.

## CONCLUSION

All of the elements under *Baker* have been satisfied by the defendant. The nearly four-year lapse of time between Ms. Adefemi's indictment and arrest directly resulted from the government's negligence in pursuing the prosecution, and this governmental failure violated Ms. Adefemi's right to a speedy trial under the provisions of the Speedy Trial Act and the Due Process Clause of the Sixth Amendment to the United States Constitution.

WHEREFORE, Ms. Adefemi respectfully requests the Court dismiss the Indictment in this case with prejudice pursuant to the Court's authority under Fed. R. Crim. P. 48(b).

Respectfully requested this 3rd day of March, 2022.

G. ALAN DuBOIS
Federal Public Defender

/s/ Diana H. Pereira
DIANA H. PEREIRA
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Diana_Pereira@fd.org
N.C. State Bar No. 32615
LR 57.1 Counsel Appointed

*CERTIFICATE OF SERVICE*

        I HEREBY CERTIFY that a copy of the foregoing was served upon:

SEBASTIAN KIELMANOVICH
Assistant United States Attorney
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601

by electronically filing the foregoing with the Clerk of Court on March 3, 2022, using the CM/ECF system which will send notification of such filing to the above.

        This the 3rd day of March, 2022.

                /s/ Diana H. Pereira
                DIANA H. PEREIRA
                Assistant Federal Public Defender
                Attorney for Defendant
                Office of the Federal Public Defender
                150 Fayetteville Street, Suite 450
                Raleigh, North Carolina 27601
                Telephone: 919-856-4236
                Fax: 919-856-4477
                E-mail: Diana_Pereira@fd.org
                N.C. State Bar No. 32615
                LR 57.1 Counsel Appointed